IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. FOSTER, | ) | CASE NO. 1:26 CV 615 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

*Pro se* plaintiff Terry L. Foster filed this civil rights action under 42 U.S.C. § 1983

against the City of Cleveland. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma*

*pauperis*. (Doc. No. 2). By separate Order, the Court grants the application.

## I. Background

Plaintiff's complaint consists of rambling, incoherent allegations concerning his

conviction and sentence in the Cuyahoga County Court of Common Pleas, Case No.

CR-22-670220-A.[1] On February 1, 2023, Foster pleaded guilty to one count of murder with a

---

[1] Plaintiff filed a substantially similar complaint on March 12, 2026, also challenging this conviction in the Cuyahoga County Court of Common Pleas. *See Foster v. State of Ohio*, No. 1:26-cv-00595. The Court dismissed that complaint on June 30, 2026, pursuant to 28 U.S.C. §1915(e)(2), for failure to state a claim. *Id.*

three-year firearm specification, one count of murder to the lesser included offense of involuntary manslaughter, and one count of trafficking. *See State of Ohio v. Foster*, No. 112564, 2024 WL 1327968, 2024 Ohio App. LEXIS 1087, at * 3 (Ohio Ct. App. Mar.28, 2024). The trial court sentenced Foster to 21 years to life. *Id.* Foster appealed. On March 28, 2024, the Eighth District Court of Appeals affirmed the conviction but remanded the case to the trial court to (1) advise Foster of Sierah's Law's requirements; (2) impose the indefinite sentence for involuntary manslaughter pursuant to the Reagan Tokes Law; and, (3) make consecutive sentence findings as appropriate on the record and incorporate those findings into the sentencing journal entry. *Id.* at 36. Upon remand, the trial court imposed consecutive findings following resentencing, and Foster appealed the consecutive sentences. *See State of Ohio v. Foster*, No. 114148, 2025 Ohio App. LEXIS 794 (Ohio Ct. App. Mar. 13, 2025). The Eighth District Court of Appeals affirmed Foster's consecutive sentences. *Id.* at 13. Foster appealed both decisions to the Ohio Supreme Court, and the Ohio Supreme Court dismissed the appeals. *See State of Ohio v. Foster*, Nos. 2025-1667 and 2025-1669, 2026-Ohio-475 (Ohio Feb. 17, 2026) (dismissing delayed appeals). On April 7, 2026, Foster filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which is pending in this district court. *See Foster v. Stuff*, No. 1:26-cv-00826 (N.D. Ohio filed Apr. 7, 2026).

Foster alleges that numerous violations occurred during his state court proceedings, including conspiracy, involuntary servitude, "flagrant negligent," unlawful detainment, legal malpractice, racial bias/discrimination, fraud, wrongful conviction, malicious prosecution, and complicity. (*See* Doc. No. 1 at 1). Foster also appears to object to the state court of appeals' remand order and what transpired upon remand. In a conclusory statement, Plaintiff alleges that

"this case" violates the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. (*Id.* at 2).

Foster seeks monetary, declaratory, and injunctive relief, as well as the immediate release from custody.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned,

-3-

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

Upon the Court's review, Plaintiff's complaint must be dismissed in accordance with 28 U.S.C. §1915(e)(2). Even liberally construed, it fails to state a plausible civil rights claim.

Plaintiff's complaint purports to assert claims calling into question the validity of his criminal conviction and he seeks immediate release. The Supreme Court held that a civil rights action under 42 U.S.C. § 1983 is not an appropriate vehicle for a prisoner to challenge a state conviction or sentence. Rather, where, as here, a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff therefore fails to state a plausible federal civil rights claim.

Additionally, to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In the

-4-

absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, there is no suggestion in the complaint that Plaintiff's conviction has been set aside or invalidated in any of the ways articulated in *Heck*. As previously noted, Plaintiff's conviction was affirmed on direct appeal and the Ohio Supreme Court dismissed his appeals. Additionally, Plaintiff's habeas petition is still pending in this district court. Because Plaintiff is challenging the fact of his conviction in this complaint, and his conviction has been affirmed, he fails to allege a cognizable civil rights claim.

Moreover, even if Plaintiff had stated a cognizable claim, he fails to state a claim against the City of Cleveland. Section 1983 does not permit a plaintiff to sue a local government entity or municipality on the theory of *respondeat superior* for an injury allegedly inflicted solely by its employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, municipal liability attaches when an injury is caused by implementing an official policy or custom adopted by the government entity. *Id.* at 694. "Beyond having to identify 'conduct properly attributable to the municipality,' a plaintiff 'must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. In other words, 'a plaintiff must show that the municipal action was

-5-

taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). Here, the complaint fails to suggest that any custom or policy of the City of Cleveland caused Plaintiff's alleged injuries. Plaintiff therefore fails to state a claim for relief against the City of Cleveland.

## IV. Conclusion

For the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

_Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: June 30, 2026

-6-